UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KANDISE SNIDER,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-2132** |
| **NEW HAMPSHIRE INSURANCE**<br>**COMPANY, ET AL.,**<br>    **Defendants** | **SECTION "E" (1)** |

## ORDER AND REASONS

Before the Court is the motion *in limine* filed by Defendants JWK Enterprises Inc., Johnny Moore, and Occidental Fire & Casualty Company of North Carolina (collectively, "Defendants").[1] Defendants seek to strike the proposed testimony of Dr. Shelly N. Savant and Joyce C. Beckwith.

## BACKGROUND

This is a personal injury case arising from a car accident in St. Tammany Parish, Louisiana. On April 19, 2016, Defendants filed a motion *in limine* regarding Dr. Shelly N. Savant, Plaintiff Kandise Snider's life care planner, and Joyce C. Beckwith, Plaintiff's vocational rehabilitation expert.[2] Plaintiffs filed an opposition to the motion *in limine* on April 26, 2016.[3] Defendants filed a reply on May 5, 2016.[4]

## STANDARD OF LAW

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to

---

[1] R. Doc. 136.
[2] *Id.*
[3] R. Doc. 148.
[4] R. Doc. 158.

1

understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.[5]

The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[6] provides the analytical framework for determining whether expert testimony is admissible under Rule 702.

Under *Daubert*, courts, as "gatekeepers," are tasked with making a preliminary assessment of whether expert testimony is both relevant and reliable.[7] The party offering the expert opinion must show by a preponderance of the evidence that the expert's testimony is reliable and relevant.[8]

The reliability of expert testimony "is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid."[9] In *Daubert*, the Supreme Court enumerated several non-exclusive factors that courts may consider in evaluating the reliability of expert testimony.[10] "These factors are (1) whether the expert's theory can or has been tested, (2) whether the theory has been subject to peer review and publication, (3) the known or potential rate of error of a technique or theory when applied, (4) the existence and maintenance of standards and controls, and (5) the degree to which the technique or theory has been generally accepted in the scientific community."[11]

The Supreme Court has cautioned that the reliability analysis must remain flexible: the *Daubert* factors "may or may not be pertinent in assessing reliability, depending on

---

[5] FED. R. EVID. 702.
[6] 509 U.S. 579 (1993).
[7] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (citing *Daubert*, 509 U.S. at 592–93).
[8] *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).
[9] *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). *See also Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584–85 (5th Cir. 2003).
[10] *Daubert*, 509 U.S. at 592–96.
[11] *Bocanegra*, 320 F.3d at 584–85 (citing *Daubert*, 509 U.S. at 593–94).

the nature of the issue, the expert's particular expertise, and the subject of his testimony."[12] Thus, "not every *Daubert* factor will be applicable in every situation . . . and a court has discretion to consider other factors it deems relevant."[13] The district court is offered broad latitude in making expert testimony determinations.[14]

As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility and should be left for the finder of fact.[15] "Unless wholly unreliable, the data on which the expert relies goes to the weight and not the admissibility of the expert opinion."[16] Thus, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[17] The Court is not concerned with whether the opinion is correct but whether the preponderance of the evidence establishes that the opinion is reliable.[18] "It is the role of the adversarial system, not the court, to highlight weak evidence."[19]

## ANALYSIS

A. <u>Dr. Shelly Savant</u>

In the parties' proposed pretrial order, Plaintiffs listed Dr. Shelly Savant as a witness who "[w]ill testify about Kandise Snider Life Care Plan."[20]

---

[12] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999).
[13] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 326 (5th Cir. 2004).
[14] *See, e.g., Kumho Tire*, 526 U.S. at 151–53.
[15] *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).
[16] *Rosiere v. Wood Towing, LLC*, No. 07-1265, 2009 WL 982659, at *1 (E.D. La. Apr. 8, 2009) (citing *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996)) (emphasis added); *Wolfe v. McNeil-PPC, Inc.*, No. 07-348, 2011 WL 1673805, at *6 (E.D. Pa. May 4, 2011).
[17] *Pipitone*, 288 F.3d at 250 (quoting *Daubert*, 509 U.S. at 596) (internal quotation marks omitted).
[18] *See Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012).
[19] *Primrose*, 382 F.3d at 562.
[20] R. Doc. 174 at 83.

In her report, Dr. Savant, also a board-certified neurologist and psychologist, gives her "impression" that Plaintiff Kandise Snider ("Snider") may suffer from posttraumatic stress disorder, as well as other maladies.[21] Under her "Impression(s)," Dr. Savant lists "Possible Posttraumatic Stress Disorder" and "Chronic Pain Syndrome."[22]

Defendants argue that Dr. Savant's diagnoses of posttraumatic stress disorder and chronic pain syndrome fall outside the testimony that may be provided by a life care planner.[23] As explained at the June 6, 2016, pretrial conference, this Court allows life care planners to testify as to future healthcare needs, predicated upon the testimony of treating physicians as to the reasonable need for such care, and the cost of such care. Dr. Savant will not be allowed to testify about her diagnoses of possible posttraumatic stress disorder or chronic pain syndrome or the future medical costs related thereto, unless a treating physician has testified to the reasonable need for and extent of such care.[24] The same is true with respect to Dr. Savant's testimony regarding "home care" for the remainder of the Plaintiff's life. Dr. Savant must specifically identify the treating physician upon whose report or testimony she relies prior to testifying as to the need for and future costs of that care.[25] Counsel for Plaintiffs are directed to identify and be prepared to provide the Court

---

[21] R. Doc. 137-2 at 3.
[22] *Id.* at 5.
[23] R. Doc. 136-1 at 4–6.
[24] Defendants argue that, "inasmuch as these attempted diagnoses were integrated in the life care plan of Cornelius Gorman, the values placed on the treatments should likewise be stricken." R. Doc. 136-1 at 6. Cornelius Gorman, however, is not listed as a witness in the parties' proposed pretrial order and will not testify as a life care planner or otherwise. *See* R. Doc. 174 at 81–84. Joyce C. Beckwith, the Plaintiffs' vocational rehabilitation expert, will not be allowed to rely on Dr. Savant's diagnoses of possible posttraumatic stress syndrome or chronic pain syndrome. Defendants also request that Dr. Savant's report be stricken. R. Doc. 136-1 at 5. Expert reports will not be admitted into evidence.
[25] The life care plan also contains amounts for vocational rehabilitation counseling services. *See* R. Doc. 137-3 at 5. It is unclear whether Dr. Savant will testify about the future cost of vocational rehabilitation services, but, if she does, she may testify only to the extent Joyce C. Beckwith, Plaintiffs' vocational rehabilitation expert, has been allowed to testify as to the reasonable need for those services.

with portions of reports, depositions, or other documentation upon which Dr. Savant relies in the event objections are lodged to her testimony.

### B. Joyce C. Beckwith

In the parties' proposed pretrial order, Plaintiffs listed Joyce C. Beckwith on their witness list and stated that Beckwith "will testify about Kandise Snider Vocational Rehabilitation."[26]

In Defendants' motion *in limine*, Defendants seek to strike Beckwith in part on the basis that she is not a life care planner.[27] Plaintiffs do not dispute that Beckwith is not a life care planner and stated in their opposition that they do not plan to qualify her as a life care planner: "Mrs. Beckwith is being called to testify only as a [v]ocational [r]ehabilitation expert."[28] Beckwith will be allowed to testify only as to the vocational rehabilitation of Snider.

Defendants also challenge Beckwith's testimony that Snider is underemployed and that her work life expectancy is "at risk." These concerns, however, pertain to the bases and sources of the opinions. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the *weight* to be assigned that opinion rather than its *admissibility* and should be left for the jury's consideration."[29] Beckwith's testimony will presumably be subject to vigorous cross examination by Defendants. "It is the role of the adversarial system, not the court, to highlight weak evidence."[30]

---

[26] R. Doc. 174 at 83.
[27] R. Doc. 136-1 at 8.
[28] R. Doc. 148 at 10.
[29] *Primrose*, 382 F.3d at 562 (quoting *United States v. 14.38 Acres of Land, More or Less Situated in Leflore County*, 80 F.3d 1074, 1077 (5th Cir.1996)) (emphasis in original).
[30] *Id.*

## CONCLUSION

For the foregoing reasons;

Defendants' motion *in limine* is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

**New Orleans, Louisiana, this 9th day of June, 2016.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**