UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KANDISE SNIDER,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-2132** |
| **NEW HAMPSHIRE INSURANCE COMPANY, ET AL.,**<br>    **Defendants** | **SECTION "E" (1)** |

## ORDER AND REASONS

Before the Court are four motions *in limine* filed by Defendants Fidel Garcia, ASF Intermodal LLC ("ASF"), and New Hampshire Insurance Company (collectively, "ASF Defendants").[1]

A. Motion *in Limine* to Exclude Evidence Related to ASF's Hiring, Retention, Training, and Supervision[2]

ASF Defendants seek to exclude evidence related to ASF's hiring, retention, training, and supervision of ASF's employee Fidel Garcia ("Garcia").[3] ASF Defendants argue that Plaintiffs have never alleged any direct theory of negligence against ASF.[4] ASF Defendants also argue that Codefendants Johnny Moore, JWK Enterprises, and Occidental Fire & Casualty Insurance Company of North Carolina (collectively, "JWK Defendants") fail to allege a direct theory of negligence against them.[5] Because no claims of negligent hiring, negligent supervision, negligent retention, negligent training, or any other negligent acts other than the negligence of its employee Fidel Garcia, are pending

---

[1] R. Docs. 166, 167, 168, 169.
[2] R. Doc. 169.
[3] *Id.*
[4] R. Doc. 169-1 at 1–2.
[5] *Id.* at 2–5.

1

against ASF, ASF Defendants contend any evidence relating to ASF's hiring, retention, training, or supervision of Garcia is irrelevant and should be excluded.[6]

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings contain a short and plain statement of the claim showing the pleader is entitled to relief.[7] "[U]nder the Federal Rules of Civil Procedure's requirement of notice pleading, defendants in all lawsuits must be given notice of the specific claims against them."[8] Although the claimant need not plead specific facts, "the complaint must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[9] "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[10] To satisfy the Rule 8(a) notice-pleading requirement, the pleading "must contain something more by way of a claim for relief than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action."[11]

In Plaintiffs' complaint and amending complaints, Plaintiffs' only allegation against ASF is that ASF "is vicariously liable under respondeat superior[] for the actions and/or inactions of its employee [Garcia] and as such [ASF is] liable unto petitioners along with other named defendants."[12] An allegation of vicarious liability is not sufficient to give ASF fair notice of the completely different causes of action for negligent hiring,

---

[6] *Id.* at 5–6.
[7] FED. R. CIV. P. 8(a)(2).
[8] *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008).
[9] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[10] *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).
[11] 5 FED. PRAC. & PROC. CIV. § 1216 (3d ed. 2016).
[12] R. Doc. 26 at ¶ VI ("Plaintiffs' First Supplemental and Amending Petition for Damages").

negligent training, negligent retention, or negligent supervision.[13] Plaintiffs argue ASF Defendants were put on notice of Plaintiffs' intention to pursue a cause of action for negligent hiring, training, retention, and supervision when ASF received Plaintiffs' interrogatories and requests for production.[14] ASF responded on March 23, 2016; Plaintiffs reason that ASF must have received the interrogatories and requests for production and been put on notice prior to that date.[15] Plaintiffs also argue ASF Defendants were put on notice as a result of the nature of the questioning during the Rule 30(b)(6) deposition of ASF's corporate representative Amanda Hall on March 29, 2016.[16] ASF Defendants argue that Plaintiffs are attempting to impermissibly expand the pleadings to include a cause of action for negligent hiring, training, supervision, and retention.[17] The Court agrees. While the Federal Rules set a liberal standard for stating a claim, they "do contemplate that the pleadings will refer to the occurrences sued upon and that they will show that the pleader has a claim on which he or she is entitled to relief."[18] Plaintiffs failed to give ASF fair notice of claims for negligent hiring, negligent training, negligent supervision, or negligent retention. Allowing Plaintiffs to expand the pleadings in this manner less than three months prior to trial would result in unfair prejudice to ASF.[19]

---

[13] *See Anderson*, 554 F.3d at 528; *Twombly*, 550 U.S. at 555.
[14] R. Doc. 198 at 1–2.
[15] R. Doc. 198-5 at 9.
[16] R. Doc. 198-2 at 1; R. Doc. 198 at 1–2.
[17] *See, e.g., Matherne v. Cytec Corp.*, No. 00-2937, 2002 WL 506816, at *8 (E.D. La. Mar. 28, 2002).
[18] *Id.*; "Objectives and Functions of Pleadings under the Federal Rules," 5 FED. PRAC. & PROC. CIV. § 1202 (3d ed.).
[19] ASF Defendants maintain they "had no notice that any party planned to present evidence against it under a theory of negligent hiring, retention, training, and supervision" until the filing of the pretrial order on May 25, 2016. *See* R. Doc. 169-1 at 5; R. Doc. 162.

In Plaintiffs' opposition filed June 9, 2016, Plaintiffs requested leave of court to amend their complaint.[20] Plaintiffs' request is denied. Trial begins on June 20, 2016. The Court will not allow Plaintiffs to amend their complaint to add a cause of action eleven days before trial is set to begin.

JWK Defendants argue they should be allowed to introduce evidence related to the negligent hiring, retention, training, and supervision of Garcia because three affirmative defenses contained in their answer put ASF "on notice that [JWK] Defendants would seek to prove [ASF's] liability for all or part of Plaintiffs [sic] damages."[21] The three affirmative defenses raised are:

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants aver in the further alternative that if it be found that Plaintiffs sustained injuries or damages as alleged, which is denied, then said injuries or damages resulted from the negligence or fault of others, including but not limited to other drivers and/or subsequent treating healthcare providers, for whose conduct Defendants are not responsible, which fact bars and/or mitigates Plaintiffs recovery against Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

That if Plaintiffs are entitled to recover from Defendants, which is expressly denied, such recovery should be apportioned pursuant to Louisiana Civil Codes 2323 and 2324 to the extent that the damages alleged in the Plaintiffs' Petition are attributable to the negligence or fault of others for whose action the Defendants are not liable.

### TWENTY-[FIRST] AFFIRMATIVE DEFENSE

Defendants affirmatively assert that they are entitled to a set-off, credit, indemnification and/or contribution of damages from any other Defendants or responsible parties.[22]

Under Rule 8, a defendant must "state in short and plain terms its defenses to each claim asserted against it" and "must affirmatively state any affirmative defense,

---

[20] R. Doc. 198 at 2.
[21] R. Doc. 189 at 3.
[22] *Id. See also* R. Doc. 87 at 14, 15; R. Doc. 88 at 14, 15.

4

including . . . contributory negligence."[23] An affirmative defense is subject to the same pleading requirements as a complaint.[24] "[A] defendant . . . must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[25] In this case, because JWK Defendants wish to introduce this evidence to prove the ASF's Defendants' liability, the affirmative defenses must also give fair notice to them.

JWK Defendants argue they have sufficiently put all parties on notice that the contributory negligence of ASF Defendants includes negligence based on negligent hiring, retention, training, or supervision.[26] "[A] defendant . . . must plead an affirmative defense with enough specificity or factual particularity to give the [party] fair notice of the defense that is being advanced. . . . The fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise."[27] An affirmative defense of contributory negligence or comparative fault must provide fair notice to the plaintiff of the nature of the defense.[28]

The Court finds JWK Defendants failed to give ASF Defendants fair notice that their affirmative defense of contributory negligence included negligence based on negligent hiring, supervision, retention, or training.[29] Accordingly, any evidence of ASF's hiring, retention, training, or supervision of Garcia is not relevant and will not be

---

[23] FED. R. CIV. P. 8(b)(1)(A), 8(c)(1).
[24] *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).
[25] *Id.*
[26] R. Doc. 189 at 4.
[27] *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (internal quotation marks omitted).
[28] *See id.* at 362; *Schlosser v. Metro. Prop. & Cas. Ins. Co.*, No. 12-1301, 2012 WL 3879529, at *3 (E.D. La. Sept. 6, 2012) (Vance, J.); *Harris v. USA Ins. Companies*, No. 11-201, 2011 WL 3841869, at *3 (E.D. La. Aug. 30, 2011) (Vance, J.).
[29] *See id.*; *Anderson*, 554 F.3d at 528-29.

admissible.[30] ASF Defendants' motion *in limine* to exclude evidence relating to ASF's hiring, retention, training, or supervision of Garcia is **GRANTED**.[31]

> B. <u>Motion *in Limine* to Exclude Fidel Garcia's Employment Records with Crane Transport, Inc.</u>[32]

ASF Defendants seek to exclude Garcia's employment records with Crane Transport, Inc. ("Crane").[33] The records include a handwritten note stating, "Fidel Garcia hired 4-17 terminated 2-27-14 failed drug test"[34] and a Medical Review Officer Report reflecting that Garcia tested positive for cocaine.[35]

Plaintiffs seek to introduce such evidence to show ASF knew or should have known that Garcia had tested positive on a drug test and had traffic violations on his record but nevertheless hired him.[36] As explained above, Plaintiffs have not made a claim for negligent hiring or negligent retention against ASF, and JWK Defendants have not sufficiently pled an affirmative defense of contributory negligence based on negligent hiring or negligent retention.[37] As a result, this evidence is irrelevant.

Plaintiffs and JWK Defendants also seek to introduce the employment records to attack Garcia's credibility on cross-examination, as the parties contend Garcia was

---

[30] FED. R. EVID. 401; *Bergeron v. Great W. Cas. Co.*, No. 14-13, 2015 WL 3505091, at *5 (E.D. La. June 3, 2015) (Morgan, J.) ("Plaintiff appears to argue the challenged evidence is relevant to a potential claim against Transport for negligent hiring and/or retention. Plaintiff has not asserted this claim in his latest complaint. . . . Because there is currently no admissible purpose for the challenged evidence under the current pleadings, it must be excluded."); *Andert v. Bewley*, 998 F.2d 1014 (5th Cir. 1993) (per curiam) ("The parties seeking relief in civil actions are normally bound to the theory or theories of relief stated in the complaint. After reviewing the complaint in open court, the district court concluded that the plaintiffs failed to allege liability for Traweek in his supervisory capacity. We agree. Consequently, we conclude that the court did not abuse its discretion by excluding evidence which was irrelevant to any theory stated in the plaintiffs' complaint." (citations omitted)).
[31] R. Doc. 169.
[32] R. Doc. 166.
[33] *Id.*
[34] R. Doc. 166-2 at 85.
[35] *Id.* at 86–87.
[36] R. Doc. 198 at 4.
[37] *See supra* Part A.

untruthful in his employment application with ASF and in his deposition about his work employment history with Crane.[38]

Rule 611 of the Federal Rules of Evidence outlines the scope of cross-examination: "Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility."[39] It is unlikely that ASF Defendants will solicit this testimony during their direct examination of Garcia. As a result, Plaintiffs and JWK must rely on Rule 608, which provides in relevant part: "[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness."[40] Rule 608 "permit[s] inquiry on cross examination into specific instances of conduct which may bear on a witness' credibility in order to impeach the credibility of the witness."[41] The Court's discretion under Rule 608(b) is "very substantial."[42]

"[E]ven if character evidence is deemed admissible under Rule 608(b), its admissibility is subject to Rule 403."[43] Indeed, "[t]he district court may under Rule 608(b) determine if evidence is probative of truthfulness, and under Rule 403 exclude even probative evidence if the prejudicial effect outweighs the probative value."[44] Rule

---

[38] R. Doc. 198 at 4; R. Doc. 199.
[39] FED. R. EVID. 611(b).
[40] FED. R. EVID. 608(b)(1).
[41] *United States v. Farias-Farias*, 925 F.2d 805, 809 (5th Cir. 1991).
[42] *Id.*
[43] *United States v. Skelton*, 514 F.3d 433, 444 (5th Cir. 2008).
[44] *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987).

403 provides that the Court may exclude relevant evidence if its probative value is "substantially outweighed by a danger of . . . unfair prejudice."[45]

The Court finds that the limited probative value of Garcia's employment records with Crane is substantially outweighed by the danger of unfair prejudice.[46] There is no allegation that drugs played a role in Plaintiffs' accident.[47] Further, as ASF Defendants note in their motion *in limine*, there are numerous questions of trustworthiness regarding the employment file, including who wrote the handwritten note, when the note was written, and whether the Medical Officer Review Report contains accurate drug-test results for Garcia.[48] Accordingly, Garcia's employment file with Crane is not admissible under Rule 403, and ASF Defendants' motion *in limine* is **GRANTED**.[49]

C. Motion *in Limine* to Exclude Evidence Relating to Garcia's Prior Vehicle, Driver, and Traffic Violations[50]

ASF Defendants seek to exclude evidence relating to Garcia's prior vehicle, driver, and traffic violations.[51]

Plaintiffs argue the evidence is relevant because "it will show ASF breached its . . . duty to Plaintiffs to ascertain the competency of Fidel Garcia to make sure that he was qualified to operate a commercial vehicle."[52] As explained above, Plaintiffs have not made a claim for negligent hiring or negligent retention against ASF and will not be allowed to amend their complaint to do so at this time.[53] The evidence is not admissible on this basis.

---

[45] FED. R. EVID. 403.
[46] *Id.*
[47] Indeed, Garcia tested negative for drugs the day after Plaintiffs' accident. R. Doc. 166-3.
[48] *See* R. Doc. 166-1 at 3–6.
[49] R. Doc. 166.
[50] R. Doc. 168.
[51] *Id.* ASF Defendants specifically referenced Exhibits 31 and 32 in conferences with the Court.
[52] R. Doc. 198 at 4–5.
[53] *See supra* Part A.

8

JWK Defendants seek to introduce the evidence to attack Garcia's credibility on cross-examination, as JWK Defendants contend Garcia "attempted to hide prior violations from ASF in his employment application."[54]

As discussed above, Rule 608 "permit[s] inquiry on cross examination into specific instances of conduct which may bear on a witness' credibility in order to impeach the credibility of the witness."[55] The Court's discretion under Rule 608(b) is "very substantial."[56]

The Court finds the probative value of evidence of Garcia's vehicle, driver, and traffic violations is not substantially outweighed by the danger of unfair prejudice and misleading the jury.[57] Rule 404(b) provides, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[58] The evidence will not be introduced to show that on a particular occasion Garcia acted in accordance with his character but instead will be introduced to impeach his credibility. ASF Defendants' motion *in limine* to exclude evidence relating to Garcia's prior vehicle, driver, and traffic violations is **DENIED**.[59]

---

[54] R. Doc. 190.
[55] *Farias-Farias*, 925 F.2d at 809.
[56] *Id.*
[57] *Skelton*, 514 F.3d at 444.
[58] FED. R. EVID. 404(b)(1).
[59] R. Doc. 168.

9

D. <u>Motion *in Limine* to Exclude Evidence Regarding Garcia's Immigration to the United States or Ability to Testify in English</u>[60]

ASF Defendants seek to exclude evidence regarding Garcia's immigration to the United States and his ability to testify in English.[61] ASF Defendants' motion is **GRANTED AS UNOPPOSED**.

**New Orleans, Louisiana, this 14th day of June, 2016.**

                                      _____
                                      **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

---

[60] R. Doc. 167.
[61] *Id.*