# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**KANDISE SNIDER,**                                                **CIVIL ACTION**
      **Plaintiff**

**VERSUS**                                                              **No. 14-2132**

**NEW HAMPSHIRE INSURANCE**                          **SECTION "E" (1)**
**COMPANY, ET AL.,**
      **Defendants**

## ORDER

Before the Court is the omnibus motion *in limine* filed by Defendants JWK Enterprises, Johnny Moore, and Occidental Fire & Casualty Insurance Company of North Carolina (collectively, "JWK Defendants").[1]

1.    JWK Defendants have withdrawn their motion *in limine* with respect to Paragraph 1.

2.    JWK Defendants seek to preclude any attempt during voir dire or opening statements to detail evidence that Plaintiffs intend for the jury to read or intend to offer into evidence.[2] JWK Defendants argue such evidence should not be referenced without the Court's "first having an opportunity to examine the admissibility of same."[3] The scheduling order requires parties to provide to opposing counsel a list and description of any charts, graphs, models, schematic diagrams, and similar objects intended to be used in opening statements by **June 15, 2016**, at **5:00 p.m.**[4] This disclosure must include any proposed exhibits (objected to or unobjected to) that a party wishes to use

---

[1] R. Doc. 172.
[2] *Id.*
[3] *Id.*
[4] R. Doc. 81 at 7.

during opening statements. Objections to any charts, graphs, models, schematic diagrams, and similar objects, including exhibits, intended to be used by opposing counsel in opening statements are due **June 16, 2016**, at **5:00 p.m.**[5] The Court **DEFERS** ruling on JWK Defendants' motion *in limine* with respect to Paragraph 2 unless and until objections are received on June 16.

3.  JWK Defendants seek to prevent parties from mentioning, directly or indirectly divulging, arguing, or referring to any type of side bar remarks during the course of trial.[6] JWK Defendants' motion *in limine* with respect to Paragraph 3 is **GRANTED**.

4.  JWK Defendants seek to exclude any comment or reference regarding settlement negotiations.[7] JWK Defendants' motion *in limine* with respect to Paragraph 4 is **GRANTED**.

5.  JWK Defendants seek to exclude any reference to the existence of any insurance available to Defendants.[8] The parties will endeavor to reach a stipulation as to insurance coverage and policy limits that will be entered into the record but not provided to the jury. The policies of insurance will be admitted as exhibits but not provided to the jury. The Court **DEFERS** ruling on JWK Defendants' motion *in limine* with respect to Paragraph 5 until after the parties have had an opportunity to agree to a stipulation.

---

[5] *Id.* at 8. The Court will set a deadline for objections to any charts, graphs, models, schematic diagrams, and similar objects, including exhibits, intended to be used by opposing counsel in closing arguments closer to the date on which closing arguments will be held.

[6] R. Doc. 172-1 at 2.

[7] *Id.* at 3.

[8] *Id.*

6.      JWK Defendants seek to exclude any reference intended to bias the jury against Defendants that are corporate entities.[9] JWK Defendants' motion *in limine* with respect to Paragraph 6 is **GRANTED**.

7.      JWK Defendants seek to exclude any evidence showing or seeking to elicit Defendants' income, financial condition, earnings, assets, net worth, market capitalization, or anything related to JWK Enterprise or Occidental Fire & Casualty Insurance Company's value or financial status.[10] Plaintiffs do not have a claim for punitive damages.[11] JWK Defendants' motion *in limine* with respect to Paragraph 7 is **GRANTED**.

8.      JWK Defendants seek to exclude any testimony or documentary evidence regarding matters not timely disclosed in discovery.[12] The Court **DEFERS** ruling on JWK Defendants' motion *in limine* with respect to Paragraph 8. Objections to exhibits were filed on **June 13, 2016**.[13] Responses to objections to exhibits are due **June 15, 2016**, at **5:00 p.m.**[14]  The Court will address whether to exclude exhibits not timely disclosed in discovery in the context of its ruling on the objections to exhibits.

9.      JWK Defendants seek to preclude lay witnesses from testifying as to the existence or alleged cause of Plaintiff Kandise Snider or Plaintiff Sadie Snider's emotional or psychological damages.[15] JWK Defendants' motion *in limine* with respect to Paragraph 9 is **GRANTED IN PART** and **DENIED IN PART**. Lay

---

[9] *Id.* at 4.
[10] *Id.*
[11] R. Doc. 180 at 2.
[12] *Id.* at 4–5.
[13] R. Doc. 81 at 7.
[14] *Id.*
[15] R. Doc. 172-1 at 5.

witnesses may testify about their observations of and interactions with Plaintiffs before and after the accident. Lay witnesses may not testify as to medical causation.

10.     JWK Defendants seek to exclude cumulative evidence.[16] The Court has imposed time limits to discourage parties from offering cumulative testimony.[17] The Court **DEFERS** ruling on JWK Defendants' motion *in limine* with respect to Paragraph 10 unless and until an issue arises at trial.

11.     JWK Defendants seek to exclude any fact witnesses or expert witnesses not timely or properly identified to Defendants in accordance with the Court's scheduling order.[18] The Court will enforce its scheduling order.[19] The Court **DEFERS** ruling on JWK Defendants' motion *in limine* with respect to Paragraph 11 unless and until an issue arises at trial.

12.     JWK Defendants seek to preclude any use of demonstrative evidence not previously shown to counsel for JWK Defendants in accordance with the Court's scheduling order.[20] The scheduling order requires the parties to provide opposing counsel with a list and brief description of any charts, graphs, models, schematic diagrams, and similar objects intended to be used in opening statements or closing arguments.[21] The Court directs counsel to exchange demonstratives by **September 16, 2016**. The Court **DEFERS** ruling on JWK

---

[16] *Id.* at 6.
[17] *See* R. Doc. 180 at 4.
[18] R. Doc. 172-1 at 6.
[19] R. Doc. 81.
[20] R. Doc. 172-1 at 6.
[21] R. Doc. 81 at 7.

Defendants' motion *in limine* with respect to Paragraph 12 unless and until an issue arises at trial.

13.    JWK Defendants seek to preclude any reference to motions or objections made by JWK Defendants.[22] JWK Defendants' motion *in limine* with respect to Paragraph 13 is **GRANTED**.

14.    JWK Defendants seek to preclude any suggestion that Defendants have failed to call to testify witnesses equally available to all parties by subpoena, or the substance of what such witness may say if called to testify.[23] JWK Defendants' motion *in limine* with respect to Paragraph 14 is **GRANTED**. The Court will instruct the jury on any inferences to be drawn from the failure to call witnesses, if appropriate. The parties are not to mention any such inference in their opening statements or during the trial.

15.    JWK Defendants seek to exclude out-of-court statements of unavailable witnesses unless an exclusion to the rule against hearsay under Rule 804(b) applies.[24] The Court will enforce the Federal Rules of Evidence. JWK Defendants' motion *in limine* with respect to Paragraph 15 is **DENIED** as overly broad and vague.[25]

16.    JWK Defendants seek to exclude "[a]ny testimony by a party or their witnesses as to what they were told by other individuals and did not directly hear themselves.[26] Again, the Court will enforce the Federal Rules of Evidence. If

---

[22] R. Doc. 172-1 at 6.
[23] *Id.*
[24] *Id.*
[25] *See Estate of Wilson v. Mariner Health Care, Inc.*, No. 07-55, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008).
[26] *Id.* at 7.

Defendants have objections to a specific exhibit, such as the police report, they were required to file an objection with a supporting memorandum by **June 13, 2016**, the deadline set by the Court in the scheduling order.[27] Defendants' motion *in limine* with respect to Paragraph 16 is **DENIED** as overly broad and vague.[28]

17.     JWK Defendants seek to exclude testimony from JWK Enterprise, Inc. representatives regarding day-to-day operations and the details of the accident.[29] The Court will enforce the Federal Rules of Evidence. If JWK Defendants have an objection to a specific exhibit, such as an accident investigation report, they were required to file an objection with a supporting memorandum by **June 13, 2016**, the deadline set by the Court in the scheduling order.[30] Defendants' motion *in limine* with respect to Paragraph 17 is **DENIED** as overly broad and vague.[31]

18.     JWK Defendants seek to exclude any evidence, testimony, or attempted proof by Plaintiffs, including any jury instruction or form, regarding independent negligence and/or Department of Transportation or Federal Motor Carrier Safety Act or regulation compliance, or alleged agency relationship between Occidental Fire & Casualty Insurance Company and JWK Enterprise, Inc. ("JWK").[32] In Plaintiffs' complaint and amending complaints, Plaintiffs' only allegation against JWK is that JWK "is vicariously liable under respondeat

---

[27] R. Doc. 81 at 7.
[28] *See Estate of Wilson*, 2008 WL 5255819, at *1.
[29] R. Doc. 172-1 at 8.
[30] R. Doc. 81 at 7.
[31] *See Estate of Wilson*, 2008 WL 5255819, at *1.
[32] R. Doc. 172-1 at 8.

superior[] for the actions and/or inactions of its employee defendant Johnny Moore and as such JWK . . . is liable unto petitioners along with other named defendants."[33]Counsel for Plaintiffs clarified during the telephone status conference on June 14, 2016, that they have not brought a claim against JWK for negligent hiring, retention, training, or supervision. JWK Defendants' motion *in limine* with respect to Paragraph 18 is **DENIED AS MOOT**.

19.     JWK Defendants seek to exclude any evidence, testimony, or attempted proof by Plaintiffs, including any jury instruction or form, regarding punitive damages.[34] JWK Defendants' motion *in limine* with respect to Paragraph 19 is **GRANTED**. Plaintiffs do not seek punitive damages.[35]

20.     JWK Defendants seek to exclude any evidence, documents, or testimony, pertaining to the issuance of a citation to Defendant Johnny Moore and the disposition of the citation.[36] Several federal courts have held that "evidence of a traffic citation is only admissible if the defendant pleaded guilty to the citation. . . . [T]he mere payment of a traffic citation does not constitute an admission against interest or confession of guilt."[37] Plaintiffs cite generally a

---

[33] R. Doc. 26 at ¶ V ("Plaintiffs' First Supplemental and Amending Petition for Damages").
[34] R. Doc. 172-1 at 9.
[35] *See* R. Doc. 180 at 2.
[36] R. Doc. 172-1 at 10.
[37] *Bergeron v. Great W. Cas. Co.*, No. 14-13, 2015 WL 3505091, at *4 (E.D. La. June 3, 2015). *See also Dawson v. Carbollosa*, No. 14-0057, 2014 WL 7272768, at *3 (W.D. La. Dec. 18, 2014) ("While a plea of guilty to a traffic citation is admissible in a civil case, the mere fact that a party was charged with a traffic violation is not. Further, payment of the citation does not constitute an admission of guilt." (citations omitted)); *Mavromatis v. Murphy*, No. 14-3469, 2016 WL 3012051, at *3 (N.D. Ga. May 26, 2016); *Iglinsky v. Player*, No. 08-650, 2010 WL 4925000, at *6 (M.D. La. July 16, 2010), *report and recommendation adopted*, 2010 WL 4905984 (M.D. La. Nov. 24, 2010) ("A motorist's payment of a fine associated with a traffic citation cannot be equated with the entry of a guilty plea, and as a result, the citation is not admissible as an admission against interest in a personal injury action stemming from an automobile accident."); *Rhodes v. Curtis*, No. 04–476, 2006 WL 1047021, at *2 (D. Okla. Apr. 12, 2006) ("Evidence of traffic citations is only admissible in a subsequent civil proceeding if the defendant voluntarily and knowingly entered a plea of guilty."); *Cunningham v. Wash. Gas Light Co.*, No. 86–2392, 1988 WL 90400, at *1

*Hopkins v. Nola*,[38] but the case is distinguishable because in *Hopkins*, the plaintiff herself paid the traffic citation she received.[39] In this case, Moore's daughter paid the citation on Moore's behalf while he was hospitalized.[40] JWK Defendants' motion *in limine* with respect to Paragraph 20 is **GRANTED**.

21.    JWK Defendants seek to exclude evidence of Plaintiffs' first $15,000 in bodily injury and $25,000 of property damage pursuant to La. Rev. Stat. § 32:866.[41] Such evidence was the subject of a motion *in limine*, which the Court granted without objection on June 6, 2016.[42]

22.    JWK Defendants seek to exclude any documentary or testimony evidence Plaintiffs may solicit from their experts that were not previously disclosed or that were not timely supplemented.[43] The Court has addressed the issues raised by JWK Defendants in the Court's order on JWK Defendants' motion *in limine*.[44]

**New Orleans, Louisiana, this 14th day of June, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

(D.D.C. Aug.11, 1988) ("[T]he mere issuance or failure to issue a traffic citation is not admissible in a civil trial.") (collecting cases).

[38] 58 So. 3d 1075 (La. App. 2 Cir. 3/9/11).

[39] *Id.* at 1078.

[40] *See* R. Doc. 172-1 at 10.

[41] R. Doc. 172-1 at 11.

[42] R. Doc. 170 (Motion *in limine*); R. Doc. 180 at 2 (Order).

[43] R. Doc. 172-1 at 11.

[44] R. Doc. 136 (Motion *in limine*); R. Doc. 188 (Order).