UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KANDISE SNIDER,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-2132** |
| **NEW HAMPSHIRE INSURANCE COMPANY, ET AL.,**<br>    **Defendants** | **SECTION "E" (1)** |

## ORDER AND REASONS

Before the Court is the "Motion for a New Trial; To Alter or Amend Judgment" filed by Defendants, JWK Enterprises ("JWK"), Occidental Fire & Casualty Insurance Company of North Carolina, and Johnny Moore (collectively, "JWK Defendants").[1] The Court has reviewed the briefs,[2] the record, and the applicable law, and now issues this order and reasons.

On June 15, 2016, the Court ruled on motions *in limine* filed by Defendants Fidel Garcia, ASF Intermodal LLC ("ASF"), and New Hampshire Insurance Company (collectively, "ASF Defendants").[3] The Court granted the motions in part and denied the motions in part.[4]

In their motion for new trial or to alter or amend the judgment, JWK Defendants argue the Court should reconsider its order granting ASF Defendants' motions *in limine* in part.

The Court's order granting ASF Defendants' motions in part is an interlocutory order, as it did not adjudicate all of ASF Defendants' claims. Rule 54(b) of the Federal

---

[1] R. Doc. 271.
[2] R. Docs. 271, 274.
[3] R. Docs. 166, 167, 168, 169.
[4] R. Doc. 251.

1

Rules of Civil Procedure provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a [final] judgment."[5] Although the district court has broad discretion to reconsider an interlocutory order for any reason it deems sufficient,[6] this power "is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[7]

Generally, the courts in this district evaluate a motion to reconsider an interlocutory order under the same standards as those governing a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[8] Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[9] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the

---

[5] FED. R. CIV. P. 54(b).
[6] *See United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (citation omitted) (internal quotation marks omitted) ("Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order for any reason it deems sufficient.")
[7] *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).
[8] *See, e.g.*, *id.* at *3–4 ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."). However, there are some circumstances in which a different standard would be appropriate. *Id.* (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–16 (4th Cir. 2003)). JWK Defendants argue that review under Rule 54(b) is less exacting and that perhaps the standard is "as justice requires." *See Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002) ("The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Rule 59(e) . . . ." (citing *M.K. v. Tenet*, 196 F. Supp. 2d 8 (D.D.C. 2001))). The cases cited by JWK Defendants clearly establish only that the time limit for a Rule 54(b) motion is different, which is not subject to debate and is not relevant to this case. JWK Defendants cite to no Fifth Circuit cases holding that the standard of review is different and less exacting for a Rule 54(b) motion. In any event, the Court finds that reconsideration is not warranted under either the Rule 59(e) standard of the lesser standard urged by JWK Defendants.
[9] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir.2003) (citations omitted) (internal quotation marks omitted).

order].'"[10] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[11] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[12]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

> (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
>
> (2) whether the movant presents new evidence;
>
> (3) whether the motion is necessary in order to prevent manifest injustice; and
>
> (4) whether the motion is justified by an intervening change in the controlling law.[13]

JWK Defendants first request that the Court reconsider its ruling that JWK Defendants failed to give the ASF Defendants fair notice that their affirmative defense of contributory negligence included negligence based on negligent hiring, supervision, retention, or training.[14] JWK Defendants also request leave to amend their answer and affirmative defenses.[15] JWK Defendants do not present any new evidence or argue that there has been a change in controlling law. Instead, they argue that reconsideration is necessary to correct a manifest error of law and to prevent injustice based on the Court's

---

[10] *Lacoste v. Pilgrim Int'l*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[11] *Castrillo*, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).
[12] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012) (Brown, J.).
[13] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.
[14] R. Doc. 271-1 at 3.
[15] *Id.*

application of Rule 8. JWK Defendants have pointed to no cases holding that an affirmative defense of comparative negligence based on a driver's fault is sufficient to plead the affirmative defense of comparative negligence based on negligent hiring, retention, or training. JWK Defendants argue in their motion for reconsideration that they did not learn of the "significance of the documents produced, and specific facts underlying independent negligence claims against ASF first came to light in the deposition of Fidel Garcia on April 8, 2016,"[16] and that the information that came to light during the deposition put ASF Defendants on notice that the negligent hiring of Garcia would be an issue at the trial.[17] The Court notes that ASF Defendants' motions *in limine* were filed on June 2, 2016,[18] and JWK Defendants' opposition was filed on June 9, 2016,[19] well after the April depositions. As noted previously, a motion for reconsideration, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[20] The Court's application of Rule 8 is not in error, and reconsideration is not necessary to prevent an injustice. JWK Defendants' request that the Court reconsider its ruling and their request that they be allowed to amend their answer and affirmative defenses at this late date are denied.[21]

JWK Defendants also request that the Court reconsider its ruling on the exclusion of the termination records of Garcia by Crane Transport, Inc.[22] Specifically, JWK Defendants wish to cross-examine Garcia with respect to his untruthfulness in filling out

---

[16] *Id.* at 9.
[17] *Id.* at 12.
[18] R. Docs. 166, 167, 168, 169.
[19] R. Doc. 189.
[20] *Lacoste*, 2009 WL 1565940, at *8 (quoting *Templet*, 367 F.3d at 478–79).
[21] The Court reminds JWK Defendants that the last-minute continuance of the trial was granted at the request of JWK Defendants, and the Court made clear at that time that all pretrial deadlines were to remain in place. R. Docs. 249, 257.
[22] R. Doc. 271-1 at 12.

4

his employment application with Crane Transport, Inc. The Court notes that the two specific documents in the Crane Transport, Inc. employment records that were excluded are the handwritten note stating, "Fidel Garcia hired 4-17 terminated 2-27-14 failed drug test"[23] and a Medical Review Officer Report reflecting that Garcia tested positive for cocaine,[24] and the Court finds no grounds exist for reconsideration of that ruling. The Court notes further that ASF Defendants' motion *in limine* to exclude evidence relating to Garcia's prior vehicle, driver, and traffic violations was denied.[25] If JWK Defendants wish to use documents other than the two specifically excluded to impeach the credibility of Garcia at trial, the Court will allow JWK Defendants to submit those documents to the Court and all counsel ten days prior to trial seeking a pretrial ruling on their admissibility for impeachment purposes only. Any oppositions to the use of documents for impeachment must be filed seven days before trial.

Accordingly, JWK Defendants' motion for reconsideration is **DENIED** as set forth above.

**New Orleans, Louisiana, this 25th day of July, 2016.**

    *Susie Morgan*
    **SUSIE MORGAN**
    **UNITED STATES DISTRICT JUDGE**

---

[23] R. Doc. 166-2 at 85.
[24] *Id.* at 86–87.
[25] R. Doc. 251 at 9.