UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KANDISE SNIDER,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-2132** |
| **NEW HAMPSHIRE INSURANCE COMPANY, ET AL.,**<br>    **Defendants** | **SECTION "E" (1)** |

## ORDER

Before the Court is a motion for entry of final judgment pursuant to Rule 54(b) filed by Fidel Garcia, ASF Intermodal, LLC, and New Hampshire Insurance Company ("ASF Defendants").[1] The motion is unopposed.

The Plaintiff's claims against the ASF Defendants were tried by a jury from January 17, 2017 to January 20, 2017. The jury returned a verdict in favor of the ASF Defendants.[2] The Court did not issue a final judgment in the ASF Defendants' favor because there exists a pending intervention claim filed by Plaintiff's original counsel, asserting an attorney's lien to protect their rights to be reimbursed for fees and costs.[3]

The ASF Defendants move pursuant to Rule 54(b), requesting the Court enter a final judgment of dismissal in their favor.[4] Rule 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time

---

[1] R. Doc. 323.
[2] R. Doc. 321.
[3] R. Doc. 13.
[4] R. Doc. 323.

1

before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[5]

When ruling on a Rule 54(b) motion, the Court "must first determine that it is dealing with a final judgment," meaning the order is the ultimate disposition upon a cognizable claim for relief.[6] Then, the Court must determine whether there is any just reason for delay, weighing "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other."[7] When engaging in this balancing, the Court should consider whether the claims in the case are "separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."[8]

After weighing the appropriate factors, the Court finds entering a final judgment as to the ASF Defendants is appropriate in this case. Entering final judgment carries no significant risk of piecemeal review, because the ASF Defendants are not implicated by the intervention. Regardless of how the intervention matter is ultimately resolved, the jury verdict in the ASF Defendants' favor will remain unchanged. Accordingly, there is no just reason to delay entry of final judgment in the ASF Defendants' favor pursuant to the jury's verdict.

**IT IS ORDERED** that the motion for entry of a final judgment is **GRANTED**.

**New Orleans, Louisiana, this 22nd day of February, 2017.**

                                           _____
                                               **SUSIE MORGAN**
                                 **UNITED STATES DISTRICT JUDGE**

---

[5] FED. R. CIV. P. 54(b).
[6] *Williams v. Traylor-Massman-Weeks, LLC*, 2011 WL 4959365, *1 (E.D. La. Oct. 18, 2011) (quoting *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980)) (internal quotations omitted).
[7] *Rd. Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).
[8] *Curtiss-Wright Corp.*, 466 U.S. at 8.